Filed 3/9/16  McReynolds v. Superior Court CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| DICK CHARLES MCREYNOLDS,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>THE SUPERIOR COURT OF SAN JOAQUIN COUNTY,<br><br>    Defendant and Respondent;<br><br>THE PEOPLE,<br><br>    Real Party in Interest and Respondent. | C079268<br><br>(Super. Ct. No. SC034276A) |

Defendant Dick Charles McReynolds filed a petition for writ of mandate asking the trial court to vacate the requirement that defendant register as a sex offender.  The trial court denied the petition and defendant appeals from the denial.

Defendant contends his ongoing duty to register violates due process and equal protection because the registration requirement treats similarly situated defendants

1

differently. We will follow the California Supreme Court's holding in *Johnson v. Department of Justice* (2015) 60 Cal.4th 871 (*Johnson*), which is directly on point, and affirm the trial court order.

## BACKGROUND

Defendant pleaded no contest in October 1983 to oral copulation with a victim younger than 16 (Pen. Code, § 288a, subd. (b)(2))[1] and the trial court placed him on probation for five years. The law required defendant to register as a sex offender and defendant did in fact register pursuant to section 290.

In June 2010, the trial court granted defendant's motion to dismiss his sex offense conviction. (§ 1203.4.) Four years later, defendant filed a petition for writ of mandate asking the trial court to vacate his registration requirement. The trial court denied the petition in May 2015, and defendant appeals from that denial.

## DISCUSSION

Section 290 requires mandatory lifetime registration where, as here, a defendant is convicted of oral copulation with a victim younger than 16. (§ 290.) Relying on *People v. Hofsheier* (2006) 37 Cal.4th 1185 (*Hofsheier*), overruled by *Johnson, supra*, 60 Cal.4th 871, defendant argues the lifetime mandatory sex offender registration requirement violates his federal and state due process and equal protection rights because the registration requirement treats similarly situated defendants differently. In *Hofsheier*, the California Supreme Court held that section 290 violated equal protection to the extent it required registration for defendants convicted of voluntary oral copulation with a minor age 16 or 17 years, but not for those convicted of voluntary sexual intercourse with a minor the same age. (*Hofsheier*, at p. 1207.)

---

[1] Undesignated statutory references are to the Penal Code.

As defendant concedes, however, *Johnson* overruled *Hofsheier*. In *Johnson*, the California Supreme Court held there is a rational basis for the challenged differential treatment. (*Johnson, supra*, 60 Cal.4th at pp. 880-884.) Defendant nevertheless argues *Johnson* was wrongly decided and that *Hofsheier* was correct. He acknowledges that we are bound to follow *Johnson* (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455), but he raises the issue to preserve it for review by the California Supreme Court.

We will follow *Johnson* and affirm the trial court's order.

DISPOSITION

The trial court order denying the petition for writ of mandate is affirmed.


_____/S/_____
                    Mauro, J.



We concur:



_____/S/_____
Nicholson, Acting P. J.



_____/S/_____
Robie, J.

3